```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:08CV466-MU-02
```

| | |
|---|---|
| CHRISTOPHER RAGLAND,           ) | |
|     Petitioner,                 ) | |
|                                ) | |
|        v.              ) | **ORDER** |
|                                ) | |
| (FNU) HALL, Superintendent,    ) | |
|     Respondent.                 ) | |

**THIS MATTER** is before this Court upon Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 (document # 1), filed October 8, 2008. Upon careful review of that matter, the Court has determined that Petitioner's Petition must be <u>dismissed</u>. However, because the Court already has denied Petitioner's IFP Application and he has failed to remit the $5.00 filing fee, such balance will remain on Petitioner's account, and he will be required to pay such fee before the Court will accept any post-judgment pleadings which Petitioner may wish to file.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the documents submitted by Petitioner, on March 31, 2004, a jury convicted him of second degree sexual offense, breaking and entering and communicating threats. Petitioner did not directly appeal his case.

Rather, after waiting more than three years, on July 17, 2007, Petitioner filed a Motion for Appropriate Relief in the

Superior Court challenging the effectiveness of his attorney. On February 1, 2008, Petitioner's MAR was denied. Petitioner's appeal of the denial of his MAR also was denied by the North Carolina Court of Appeals on February 20, 2008.

Undaunted, on October 8, 2008, Petitioner filed the instant federal Habeas Petition in this Court challenging the effectiveness of his former attorney in several instances. However, upon initial review, this Court recognized that Petitioner's Petition likely was time-barred. Therefore, on December 5, 2008, the Court entered an Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4t Cir. 2002), advising Petitioner of its observation that his Petition was time-barred, and instructing him to file a document explaining why such Petition should be construed as timely filed. Furthermore, the Court's Order denied Petitioner's IFP Motion and directed him to pay the $5.00 filing fee. Petitioner was directed to respond to the Court's Order and remit his filing fee on or before December 19, 2008. Nevertheless, the Court now has reviewed the file and determined that Petitioner has failed to comply with either of the directives in its Order.

## II. **ANALYSIS**

As was explained in the Court's Order of December 5, 2008, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted already, on March 31, 2004, Petitioner was convicted and sentenced on three separate violations of North Carolina law, and he did not directly appeal either his convictions or sentence. Consequently, based upon the relevant legal precedent, this Court concludes that Petitioner's convictions and sentence became final no later than April 14, 2004--that is, at

the expiration of the brief 14-day period during which he could have (but did not) properly file a direct appeal of his case.. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal); and Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (same).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner had up to April 14, 2005, by which to file this Petition. See 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not file this Petition by that date. Therefore, absent tolling, the instant Petition would be untimely by more than 3 years.

As to grounds for statutory tolling, the record does not suggest any basis for such provisions. Indeed, Petitioner allowed more than 27 months to pass following the expiration of his AEDPA deadline before he even began his pursuit of collateral review with his July 2007 MAR. Thus, by th time that Petitioner filed that Motion, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in state court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of

State collateral review simply came too little too late.  See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).  In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations period.

Finally, the Court is aware that equitable tolling of the AEDPA statute of limitations is only allowed in "those rare instances where–-due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 541 U.S. 905 (2004).  See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).  Suffice it to say, however, Petitioner has not set forth any matter which could justify equitable tolling for his Petition.  Nor has the Court discerned any such basis from its own review of the Petition.

### III. CONCLUSION

Petitioner's Petition was filed far outside of all conceivable one-year limitations periods, and he has failed to establish a basis for the equitable tolling of any such deadlines.  Accordingly, the instant Petition must be dismissed as time-barred.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely filed; and

2. Petitioner must remit the $5.00 filing fee before this Court will accept any post-judgment documents (that is, any documents which were executed after the date on which this Order is filed) from Petitioner.

**SO ORDERED.**

Signed: December 30, 2008

Graham C. Mullen
United States District Judge