```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                       3:08CV466-MU-02
```

```
CHRISTOPHER RAGLAND,         )
    Petitioner,              )
                             )
         v.                  )          ORDER
                             )
(FNU) HALL, Superintendent,  )
    Respondent.              )
_____)
```

**THIS MATTER** is before this Court upon Petitioner's Response (document # 7) to this Court's Order of December 5, 2008 (document # 4). However, such Response will be construed as a motion for reconsideration and will be denied.

As was recounted in the Court's Order of December 30, 2008 (document # 4), Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 on October 8, 2008 (document # 1). Upon this Court's careful review of that pleading, it was determined that the Petition was subject to summary dismissal as time-barred.

That is, the Court's review revealed that on March 31, 2004, Petitioner was convicted of several violations of North Carolina law and sentenced by the Superior Court of Mecklenburg County to 116 to 149 months imprisonment; that his appeal was rejected by the North Carolina Court of Appeals on April 4, 2006; that he did not seek any further direct review of his case, thereby rendering

his convictions and sentence final as of July 3, 2006 -- that is, at the expiration of the 90-day period during which Petitioner could have sought certiorari review in the U.S. Supreme Court; that he then had up to July 3, 2007, in which to file the instant federal Petition; that Petitioner did not file such Petition by that date, and he did not initiate collateral review by his Motion for Appropriate Relief until July 17, 2007, which date was after his one-year limitations period already had expired; and that the period during which he pursued collateral review, therefore, could not be used to toll the one-year limitations period. Consequently, the Court's December 5 Order apprised Petitioner of these matters and gave him fourteen days in which to file a document explaining why he believed his Petition should have been construed as timely filed. Such Order also directed Petitioner to pay the $5.00 filing fee which was applicable to his action. Petitioner's response and fee were due in Court by December 19, 2008.

December 19, 2008 passed without notice for Petitioner's case. Therefore, on December 30, 2008, the Court entered an Order dismissing the case as time-barred (document # 5). However, mere hours after the Court's Order was filed, Petitioner's Response (which was signed by him on December 23, 2008, that is, four days after such Response was due to be filed in this Court) was received in Court. Accordingly, because Petitioner's

Response was not prepared or submitted until <u>after</u> his 14-day deadline already was expired, that Response will be construed as a motion for reconsideration.

In any case, such motion for reconsideration states that: (1) Petitioner is a lay person with limited knowledge of the law; (2) he cannot afford to hire an attorney and has been unable to secure any assistance from N.C. Prisoner Legal Services; (3) he has limited access to legal books and materials; (4) he should not be penalized for his inability to hire an attorney; and (5) if this Court fails to address his claims, "the sanctity of the Constitution of all people will be marred." Notwithstanding his obviously strong beliefs to the contrary, however, Petitioner simply has failed to establish either a legal or equitable basis for rendering his Petition timely filed. Consequently, the Court will not disturb its earlier decision to dismiss Petitioner's Petition as time-barred, and his motion for reconsideration will be denied.

Finally, the Court notes that Petitioner has remitted the $5.00 filing fee. Therefore, such fee will be accepted and applied as hereafter explained.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's filing fee shall be accepted and applied to his outstanding $5.00 filing fee balance in accordance with the Court's Order of December 30, 2008; and

2. Petitioner's Response (document # 7), construed as a motion for reconsideration, is **DENIED**.

**SO ORDERED.**

Signed: December 31, 2008

Graham C. Mullen
United States District Judge